**CINCINNATI INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Mack C. HOLBROOK, Glenna S. Holbrook, Mashburn Electric Company, Inc., Glen Curtis McWilliams, and C.B. McWilliams, Defendants–Appellees.**

**No. 88–8188.**

United States Court of Appeals, Eleventh Circuit.

March 15, 1989.

tion.

---

\* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

Benjamin H. Terry, Savell & Williams, William S. Goodman, Atlanta, Ga., for Cincinnati Ins. Co.

W. Anthony Moss, Johnson & Griffin, Gregory A. Griffin, Marietta, Ga., for Holbrooks.

Hylton B. Dupree, Jr., Hylton B. Dupree, Jr., P.C., Marietta, Ga., for Mashburn Elec.

Before HILL and CLARK, Circuit Judges, and ACKER *, District Judge.

---

* Honorable William M. Acker, Jr., U.S. District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

The Cincinnati Insurance Company appeals from the district court's dismissal of Cincinnati's action seeking declaratory relief against its insured, Mack C. Holbrook, and others collaterally interested. The record reflects the following pertinent facts:

1. On May 26, 1986, a farm tractor driven by Holbrook collided with a motor vehicle operated by Glen Curtis McWilliams. The accident occurred in Forsyth County, Georgia. Holbrook was very seriously and permanently injured.

2. On October 14, 1986, Holbrook filed a tort action against McWilliams in Forsyth County Superior Court. Considering the severity of Holbrook's injuries, McWilliams is badly underinsured.

3. On December 29, 1986, Cincinnati, which had certain insurance coverages on Holbrook, including underinsured motorist coverage, filed this action in the United States District Court for the Northern District of Georgia, seeking a declaration that Cincinnati has no obligation to Holbrook for covering an underinsured motorist under the facts stated above. The theory of its complaint and its interpretation of its insurance contract are immaterial to this appeal. Although Cincinnati now asks this court to agree with its ultimate contentions in regard to the meaning of the contract, not until the district court passes on Cincinnati's claim, either by summary judgment or on the merits, can this court be asked to review the ultimate issue of coverage.

4. On January 21, 1987, Holbrook answered Cincinnati's complaint in the district court. Although Holbrook did not file a counterclaim, his denial of Cincinnati's contention amounted to an affirmative contention that he and McWilliams are covered for McWilliams' potential tort liability to Holbrook.

5. On June 30, 1987, Holbrook filed a separate action against Cincinnati in the Gwinnett County Superior Court, also in Georgia, seeking to obtain a declaration that Cincinnati owes him "personal injury protection" under the same policy of insurance made the subject of Cincinnati's then pending action in the district court.

6. On June 30, 1987, Cincinnati sought leave of the district court to add a count to its complaint, seeking a declaration that it does not owe Holbrook the P.I.P. which is the subject of Holbrook's action in Gwinnett County. Cincinnati not only asked the district court for leave to amend but to enjoin the parties from proceeding in the state courts and for summary judgment.

7. On November 23, 1987, the district court, of its own motion, dismissed Cincinnati's action without prejudice, and therefore found moot Cincinnati's motions for leave to amend and for a stay of the state proceedings.

8. The district court reasoned that the controversy was not "sufficiently concrete" to be entertained because Georgia law provides that an insurer shall be liable "to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an insured vehicle." Ga.Code Ann. § 33-7-11(a). The district court concluded that the only proper time for Cincinnati to seek a declaratory judgment, according to the law of Georgia, is after Holbrook, its insured, obtains a judgment against McWilliams, the allegedly underinsured motorist. The lower court's decision, therefore, turned on its perception that Cincinnati's action is premature and does not constitute a "case or controversy." Although the word "abstain" does not appear in the opinion, the opinion seems to contain an element of abstention in favor of the Georgia forum.

Assuming, *arguendo*, that the district court correctly interpreted the law of Georgia to provide that an insurer cannot seek declaratory relief in Georgia as to its obligation under uninsured motorist coverage unless and until the tort liability of the uninsured motorist to the insured has been adjudicated, an invocation of the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is neither precluded nor controlled by Georgia's procedural law. The

principle of Georgia law upon which the district court opinion turned is procedural and not substantive. The mere fact, if it be a fact, that the doors of Georgia's courts are closed to Cincinnati unless and until the liability of McWilliams to Holbrook, if any, has been determined, does not mean that the doors of the federal courts are automatically closed to Cincinnati where the requisites for diversity jurisdiction exist. Here, under traditional federal constitutional principles and under the Declaratory Judgment Act, a "case or controversy" did, in fact, exist when Cincinnati filed its action in the district court. The district court, therefore, was in error when it dismissed the action. Although the district court has an area of discretion in deciding whether to grant or deny declaratory relief, that discretion should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act. The scope of appellate review of the exercise of such discretion is not under an "arbitrary and capricious" standard but allows the appellate court to substitute its judgment for that of the trial court. 6A J. MOORE, W. TAGGART & J. WICKER, *Moore's Federal Practice*, ¶ 57.08[2]; *McDougald v. Jenson*, 786 F.2d 1465 (11th Cir.1986).

■ The coverage issue here was first raised in the federal forum. Had any party attempted to raise it in the state forum, the Georgia court probably would have done what the district court did, i.e., refused a declaration until after the liability of McWilliams to Holbrook is determined. *Allstate Ins. Co. v. McCall*, 166 Ga.App. 833, 834, 305 S.E.2d 413, 414 (1983); affirmed, *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 310 S.E.2d 513 (1984). However, as stated, the matter was first presented in the *federal* forum. Cincinnati had a right to present it there. To deny Cincinnati a declaration of its rights and obligations vis-a-vis Holbrook in relation to McWilliams would be to expose Cincinnati to a very substantial and perhaps a binding obligation for providing a defense to McWilliams without Cincinnati's knowing whether it owes any such obligation. In some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question, while a refusal to defend may create a "bad faith" tort claim. In footnote 1 in its opinion of November 23, 1987, the district court alluded to the theoretical possibility of waiver by an insurance company, something that Cincinnati obviously wants to avoid at all costs.

■ Because of this peculiar fact situation, the Eleventh Circuit's holding in *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir.1982), cited by the district court for the proposition that it "may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties," is not controlling. The pending and possible future proceedings in Georgia courts are not adequate in this case. They will not "fully resolve this controversy." They do not duplicate the capability of the federal court. The Supreme Court has noted that the fact "that the declaratory remedy which may be given by the federal courts may not be available in the State courts is immaterial." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 674, 70 S.Ct. 876, 880, 94 L.Ed. 1194 (1950). In other words, the Georgia law respecting "justiciability" does not control the federal law of "justiciability" and, under the particular circumstances of this case, cannot be borrowed as the rule for exercising discretion in a federal action for declaratory relief. *See American Motorist Ins. Co. v. Mack*, 248 F.Supp. 1016 (E.D.Pa.1965). There is no overriding state interest here. The doctrine of abstention applies only where the state remedy is substantially the same as the federal remedy. Here it is not substantially the same.

■ The district court has no obligation to instruct the Georgia courts as to how to proceed or at what speed to proceed. However, in an exercise of its discretion the district court may enjoin the parties from proceeding in state court until the federal action is concluded. If the state actions proceed, the issue preclusion effect of what

happens in the competing courts will, of course, depend on which court first adjudicates a particular issue. The district court also has an area of discretion under Rule 15(a), F.R.Civ.P., as to whether or not to allow Cincinnati's proposed amendment.

Inasmuch as the order of dismissal is due to be vacated, the order holding moot Cincinnati's motion for leave to amend and the order denying a stay of the state court proceedings must also be vacated and must both be considered by the district court under the instructions of the applicable Federal Rules of Civil Procedure.

Based on the foregoing, the orders dismissing the action and finding moot the motions for leave to amend and for a stay of the state court proceedings are VACATED, and the case is REMANDED for further actions consistent with this opinion.