OHIO CASUALTY INSURANCE COMPANY, Plaintiff,

v.

COOPER MACHINERY CORPORATION and Danny L. James, Defendants.

No. 4:92–CV–851–A.

United States District Court, N.D. Texas, Fort Worth Division.

April 2, 1993.

Kelly Hudson Thompson, Alissa Kathleen Kirksey, Schell Nicholas Thompson Beene & Vaughan, Dallas, TX, for plaintiff.

John Joseph Harvey, Jr., Larry L. Fowler, Hill Heard Gilstrap Goetz & Moorhead, Carey Frank Walker, Ball Landrith & Kulesz, Arlington, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on to be considered the motion for summary judgment of plaintiff, Ohio Casualty Insurance Company. After having considered the motion, the responses of defendants, statements and concessions made by defendants in the telephone conference between the court and counsel on March 31, 1993, the record, and applicable authorities, the court has concluded that the motion should be granted.

## I.

### *Nature of Action*

This action is before the court on the basis of diversity jurisdiction. Plaintiff brought the action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57 against Cooper Machinery Corporation ("Cooper") and Danny L. James ("James"), as defendants. The declaration sought is that plaintiff is not obligated to defend or indemnify Cooper in an action that James brought against Cooper in the 236th Judicial District Court of Tarrant County, Texas, as Cause No. 236–13265–91, styled "Danny L. James v. Mauldin Manufacturing Company, Inc., and Cooper Machinery Corporation" ("state court action").

## II.

### *The Motion for Summary Judgment and Defendants' Response*

Undisputed facts established by plaintiff's motion include the following:

A. James, as the plaintiff in the state court action, asserts in the state court action that Cooper has liability to him based on injuries he suffered by reason of an accident caused by a defective product manufactured by Mauldin Manufacturing Company ("Mauldin"), one of the defendants in the state court action. Cooper, as a retailer of Mauldin's products, acquired the product from Mauldin and resold it to James' employer. The accident occurred away from Cooper's premises, at a time when the product, a steamroller, was being used by James on behalf of his employer.

B. Plaintiff had issued its liability insurance policy No. BTO (89) 18 79 57 ("the policy") to Cooper, as the named insured. The policy obligated plaintiff to pay sums that Cooper "becomes legally obligated to pay as damages because of 'bodily injury' ... *to which [the] insurance applies.*" Plaintiff's Motion for Summary Judgment and Brief in Support Thereof, Ex. "B", Commercial General Liability Coverage Form, at 1. (emphasis added) The policy imposed upon plaintiff the right and duty to defend any suit "seek-

ing those damages." *Id.* An endorsement to the policy (CG 21 04 11 85, entitled "EX-CLUSION—PRODUCTS—COMPLETED OPERATIONS HAZARD") says "[t]his insurance does not apply to 'bodily injury' ... included within the 'products—completed operations hazard.'" *Id.*, Ex. "B", Exclusion—Products—Completed Operations Hazard. The term "products—completed operations hazard", as it is used in the endorsement, is defined in the policy as follows:

11. a. "Products—completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned.

b. "Your work" will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

*Id.*, Ex. "B", Commercial General Liability Coverage Form at 9.

C. Cooper made demand on plaintiff to defend the state court action, contending that the claims asserted by James against Cooper in the state court action come within the scope of the coverage provided to Cooper by the policy. Plaintiff disagreed with Cooper, declined to defend Cooper in the state court action, and maintained that James' claims against Cooper are outside the scope of the policy coverage.

Essentially, the motion is based on the undisputed facts set forth above. Plaintiff maintains that Endorsement CG 21 04 11 85 causes the policy not to provide any coverage or protection to Cooper or anyone else in relation to the state court action or any of the causes of action asserted therein.

Each defendant has responded to the motion. The responses are virtually identical. Basically, defendants rely on an allegation James made in an amended petition he filed in the state court action after plaintiff filed its motion. The new allegation, added by the amended pleading, to which James and Cooper refer as the reason for denying plaintiff's motion is an allegation that Mauldin and Cooper "failed to properly complete and finish the manufacturing of the roller in question in accordance with the specifications." Responses of Cooper and James, at 1–2 of each. Defendants argue that "[u]nder the insurance policy between Plaintiff and Cooper Machinery, coverage is specifically provided for bodily and property damages if such damage arises from uncompleted work or products. *Id.* at 2 in each.

### III.

*Analysis*

There is a substantial controversy, real and immediate, between the parties to this action so that a relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is appropriate. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). *See also Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330 (11th Cir.1989). The circumstance that a state court of Texas would not entertain the action as against the claimant, James, or for a declaration as to plaintiff's payment obligation under the policy does not cause this court, in this federal declaratory judgment action, not to be able to proceed to make a full declaration as sought by the plaintiff. *Id.* at 1332–33.[1]

1. Under the declaratory judgment practice of courts of the State of Texas plaintiff would not be

entitled to a declaration related to its payment obligation, *Firemen's Ins. Co. v. Burch*, 442

■ In the telephone conference between the court and counsel on March 31, 1993, defense counsel virtually admitted that the declaratory judgment sought by plaintiff should be granted unless the allegation made by James in his amended petition in the state court action that Cooper failed to properly completely finish the manufacturing of the product in accordance with the specifications makes a difference. And, for all practical purposes defense counsel acknowledged during the telephone conference that the allegation upon which they rely is without factual basis inasmuch as Cooper had nothing to do with the manufacturing of the product but was merely an intermediary in the movement of the product through the stream of commerce.

Defense counsel apparently have the misplaced notion that a false allegation in the state court pleading of James can impose on plaintiff a duty to defend Cooper. In the first place, the false allegation made in the amended state court action pleading upon which defendants rely is totally irrelevant to applicability of the endorsement in question as it applies to the products feature of the products—completed operations hazard. The products feature of that hazard makes quite clear that the exclusion created by the endorsement prevents coverage for any bodily injury that is caused by Cooper's product if the injury occurred away from Cooper's premises and the product is not still in the physical possession of Cooper. Defendants have admitted that in this action James' injury occurred away from Cooper's premises, and after the product had left Cooper's possession. Under these circumstances, there quite clearly is no coverage under the policy. *See LaBatt Co. v. Hartford Lloyd's Ins. Co.*, 776 S.W.2d 795, 799 (Tex.App.—Corpus Christi 1989, no writ). Thus, even if every allegation in James' amended pleading in the state court action were assumed to be true, the allegations nevertheless affirmatively reflect that there is no coverage under the policy.

■ Moreover, Cooper and James are mistaken in thinking that the claimant can, in effect, create coverage by a false allegation of a coverage fact in the state court pleading. While an insurance company cannot avoid the policy defense obligation on the ground that extrinsic facts establish that its insured is not liable to the claimant, it can avoid the defense obligation if the extrinsic facts show that the alleged facts pertaining to coverage are false and that under the true facts there is no coverage under the policy. In the instant action, the compliant on its face shows that the causes of action asserted in the state court action are outside the coverage of the policy. However, even if there were allegations of facts that would indicate the existence of coverage, the insurance company would be entitled in the declaratory judgment action to establish that the facts are false and that, therefore, there is no obligation under the policy, either to defend or to pay. *See McLaren v. Imperial Casualty & Indemnity Co.*, 767 F.Supp. 1364, 1372–75, (N.D.Tex.1991), *aff'd*, 968 F.2d 17 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1269, 122 L.Ed.2d 665 (1993); *Blue Ridge Ins. Co. v. Hanover Ins. Co.*, 748 F.Supp. 470, 473 (N.D.Tex.1990). Here, the true facts are that there is no coverage, with the consequence that plaintiff has no duty to defend and no duty to pay.

### IV.

#### Order

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, granted.

The court further ORDERS and DECLARES that:

(1) Plaintiff had no duty, and will not have a duty, under plaintiff's Policy No. BTO (89) 18 79 57 to defend, indemnify, or provide liability insurance protection to Cooper or anyone else with respect to (a) the state court action, (b) any claim or

S.W.2d 331 (Tex.1968), nor would plaintiff be entitled to a declaration against James, the state court claimant, *Providence Lloyds v. Blevins*, 741 S.W.2d 604 (Tex.App.—Austin 1987, no writ). However, the federal courts have a more sensible

view of the goal of declaratory judgment practice and have approved declarations on those subjects, which are essential to a full resolution of insurance coverage disputes of the kind involved in this action.

cause of action asserted in the state court action, or (c) any judgment in the state court action.

(2) Endorsement CG 21 04 11 85 of the policy precludes any coverage for Cooper for any of the conduct described in any of the pleadings in the state court action.

(3) Such endorsement CG 21 04 11 85 also prevented, and still prevents, plaintiff from having any duty to defend defendant Cooper with respect to the state court action or any claim or cause of action asserted therein.

(4) Plaintiff does not now, and will not in the future, have any payment obligation under the policy to Cooper or anyone else by reason of any of the facts or circumstances mentioned in any of the pleadings in the state court action.

### FINAL JUDGMENT

In accordance with the court's order of even date herewith, The court ORDERS, ADJUDGES, DECREES and DECLARES that:

(1) Plaintiff, Ohio Casualty Insurance Company, had no duty, and will not have a duty, under plaintiff's Policy No. BTO (89) 18 79 57, in which Cooper Machinery Corporation is the named insured, (hereinafter "the policy") to defend, indemnify, or provide liability insurance protection to defendant Cooper Machinery Corporation or anyone else with respect to (a) the lawsuit pending in the 236th Judicial District Court of Tarrant County, Texas, as Cause No. 236–13265–91 styled "Danny L. James v. Mauldin Manufacturing Company, Inc. and Cooper Machinery Corporation", (hereinafter "state court action"), (b) any claim or cause of action asserted in the state court action, or (c) any judgment in the state court action.

(2) Endorsement CG 21 04 11 85 of the policy precludes any coverage for defendant Cooper Machinery Corporation for any of the conduct described in any of the pleadings in the state court action.

(3) Such endorsement CG 21 04 11 85 also prevented, and still prevents, plaintiff from having any duty to defend defendant Cooper Machinery Corporation with respect to the

state court action or any claim or cause of action asserted therein.

(4) Plaintiff does not now, and will not in the future, have any payment obligation under the policy to Cooper Machinery Corporation or anyone else by reason of any of the facts or circumstances mentioned in any of the pleadings in the state court action.

The court ORDERS, ADJUDGES and DECREES that plaintiff have and recover its court costs from defendant Cooper Machinery Corporation.