STANDARD FIRE INSURANCE
COMPANY, Plaintiff,

v.

Faheem John SASSIN and Betty Sue
Goolsby Sassin, Defendants.

AMERICAN ECONOMY INSURANCE
COMPANY, Plaintiff,

v.

Faheem John SASSIN, Betty Sue Goolsby
Sassin, and J.T. and V.T., Minor Chil-
dren, By and Through Their Managing
Conservator, Monica Triplett, Defen-
dants.

Civ. Nos. 3:94–CV–0964–H,
3:94–CV–2504–H.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 2, 1995.

Robert Lynn Fielder, Fisk & Fielder, Dallas, TX, for Standard Fire Ins. Co.

E. Thomas Bishop, Kathryn Elaine Eriksen, Law Office of E. Thomas Bishop, Dallas, TX, for American Economy Ins. Co.

Charles Gregory Shamoun, Law Office of Joseph E. Ashmore Jr., Dallas, TX, for Faheem John Sassin, Betty Sue Goolsby Sassin.

Charles Gregory Shamoun, Howard Jay Klatsky, Law Office of Joseph E. Ashmore Jr., Dallas, TX, for Monica Triplett.

### MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

Before the Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted ("Motion to Dismiss"), filed January 17, 1995 in Civil No. 3:94–CV–2504–H by J.T. and V.T., minor children, by and through their managing conservator, Monica Triplett (collectively, the "Triplett Defendants"). Also before the Court are the Response filed by Plaintiff American Econo-my Insurance Company ("AEIC") on January 26, 1995, and Defendants' Reply, filed January 30, 1995.

Also before the Court is Plaintiff AEIC's Motion for Summary Judgment, filed March 15, 1995, to which Defendants have filed no response.

### I. Background

The cases consolidated as 3:94–CV–0964–H relate to a coverage dispute over homeowners insurance policies issued by Plaintiffs Standard Fire Insurance Company ("Standard") and AEIC to Defendants Faheem John Sassin and Betty Sue Goolsby Sassin (collectively, "the Sassins" or the "Sassin Defendants"). In each case, an issuer of homeowners insurance seeks a declaration that it has no duty to defend and no duty to indemnify the Sassins with regard to a state court suit alleging that the Sassins molested two minor children.

The state court suit, Cause No. 94–3419–F, was filed in the 116th Judicial District Court of Dallas County, Texas, on April 8, 1994. Standard's Original Complaint for Declaratory Judgment ("Standard Complaint") at 3. Plaintiffs in the state court suit allege that Faheem John Sassin, Betty Sue Goolsby Sassin, and Clyde Perkins [1] "committed acts and omissions constituting sexual assault against Plaintiffs dating back to Spring 1985." AEIC's Original Complaint for Declaratory Judgment ("AEIC Complaint") ¶ 8. After being served with process in the state court suit, the Sassin Defendants demanded defense and indemnification from each of the insurers. *Id.* ¶ 9; Standard Complaint ¶ 7.

Standard filed its Original Complaint for Declaratory Judgment against the Sassin Defendants on May 16, 1994. AEIC filed its Original Complaint for Declaratory Judgment on November 22, 1994, seeking declarations as to both the Sassin Defendants and the Triplett Defendants (plaintiffs in the underlying state court suit). Finding that the two cases involved common questions of law and fact, the Court consolidated the cases in an Order dated January 6, 1995.

---

1. Perkins is not a party to this litigation.

The Triplett Defendants initially did not answer AEIC's Complaint, and default was entered against them on January 13, 1995. Before default was entered, however, AEIC's counsel spoke with Defendant Triplett, who advised counsel that her state court lawyers could not represent her in the federal suit and that she was attempting to locate counsel to represent her in the instant suit.[2] Response at 2; Motion for Leave to File Motion to Dismiss ("Motion for Leave") ¶¶ 3–4. Knowing that Defendant Triplett was unrepresented, AEIC's counsel nonetheless attempted to secure an agreed judgment against the Triplett Defendants. Response at 2; Motion for Leave ¶ 4. Although the parties provide different characterizations of these events,[3] their description of the proposed judgment is the same: the Triplett Defendants were to concede that AEIC's policies provided no coverage or indemnification for the state court suit, and in return AEIC would not seek costs or attorneys' fees from the Triplett Defendants in the instant suit. *See* Response at 2.

The proposed judgment was never signed. Instead, the Triplett Defendants obtained counsel and sought leave to file a motion to dismiss. In an Order dated January 17, 1995, the Court set aside the default for good cause shown and allowed the Triplett Defendants to file their motion to dismiss. AEIC filed its summary judgment motion on March 15, 1995; subsequently, on April 13, 1995, it dismissed its claims against the Sassin Defendants. *See* Order Dismissing American Economy Insurance Company's Claims Against Faheem John Sassin and Betty Sue Goolsby Sassin. Accordingly, AEIC's only remaining claim is its declaratory judgment action against the Triplett Defendants.

## II. Motion to Dismiss

The Triplett Defendants seek dismissal of Plaintiff AEIC's claims against them on the ground that no controversy sufficient to confer jurisdiction currently exists.[4] AEIC contends, however, that the Tripletts' state court suit against the Sassins creates a justiciable controversy between the Tripletts and AEIC. Specifically, AEIC asserts that the Triplett Defendants "are interested parties in this litigation because they seek to recover payments under the Policies issued by American Economy." AEIC Complaint ¶ 10.

In support of their motion, the Triplett Defendants cite Texas cases concerning the relationship between an insurer and a tort plaintiff. Texas courts, applying the Texas Declaratory Judgment Act, have held that no justiciable controversy exists between an insurer and a tort plaintiff who has a suit pending against the insured. *See Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 332–33 (Tex.1968); *Providence Lloyds v. Blevins*, 741 S.W.2d 604, 606 (Tex.App.—Austin 1987, no writ); *National Savings Ins. Co. v. Gaskins*, 572 S.W.2d 573, 575–76 (Tex.Civ.App.—Fort Worth 1978, no writ). As AEIC points out, however, cases decided by reference to the Texas Declaratory Judgment Act are not binding on this Court. In this declaratory judgment action, in which subject matter jurisdiction is based solely on diversity, federal

---

**2.** The parties disagree about who initiated the conversation. *See* Response at 2; Motion for Leave to File Motion to Dismiss ¶ 4.

**3.** AEIC describes the proposed agreement as follows: "American Economy's counsel advised that it would be willing to waive all claims for costs and attorney's fees against Triplett in exchange for her agreement to the entry of a judgment attesting that American Economy's policies provided no coverage or indemnification for the child molestation charges which she asserted against Sassin." Response at 2.
   The Triplett Defendants, by contrast, describe the behavior of AEIC's counsel as an "attempt[] to bully Triplett into signing the Agreed Judgment presented to Triplett by AEIC's attorney while she was unrepresented." Reply at 2 n. 1. The Triplett Defendants have previously indicat-

ed that AEIC's counsel represented to Triplett that she had no rights under the insurance contract and have suggested that the conduct of AEIC's counsel may constitute a violation of Rule 4.03 of the Texas Disciplinary Rules of Professional Conduct and/or Article 21.21 of the Texas Insurance Code. Motion for Leave ¶ 4.

**4.** Movants purport to bring a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. The "case or controversy" requirement is jurisdictional, however. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). Accordingly, the Court will construe movants' motion as a Rule 12(b)(1) motion to dismiss for want of jurisdiction.

law governs whether a justiciable controversy exists within the purview of the Declaratory Judgment Act, 28 U.S.C. § 2201. *Hunt v. State Farm Mut. Auto. Ins. Co.,* 655 F.Supp. 284, 286 (D.Nev.1987); *MacMillan–Bloedel, Inc. v. Firemen's Fund Ins. Co.,* 558 F.Supp. 596, 598 (S.D.Ala.1983). Accordingly, the Court turns to the relevant federal statute and case law.

■■■ The Declaratory Judgment Act provides, in relevant part:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. The Declaratory Judgment Act does not exempt federal district courts from the constitutional requirement that there be an actual controversy between the parties. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937); *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir.1986). If there is no actual controversy between the parties, the district court lacks subject matter jurisdiction and must dismiss the case. There is, however, no precise test for determining whether a case or controversy exists. In each case, the court must determine whether the facts alleged show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Haworth,* 300 U.S. at 239–42, 57 S.Ct. at 463–65.

In the leading case on the issue, *Maryland Casualty,* the Supreme Court reversed two lower court decisions dismissing an insurer's declaratory judgment action against a tort plaintiff. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). In determining that an actual controversy existed, Justice Murphy emphasized that Ohio law gave the tort plaintiff a statutory right of action against the insurance company and allowed him to take actions, such as providing the insurer with notice of the accident, that were required in order to keep the policy from lapsing. *Id.* at 273–74, 61 S.Ct. at 512–13. This emphasis on the rights of the parties under state law was accompanied by a policy concern, that an insurer might be subjected to contradictory policy interpretations if it were not allowed to join the insured and the state court plaintiff in a single forum. *Id.* at 274, 61 S.Ct. at 512–13.

Since *Maryland Casualty,* several lower courts have held that an insurer's claim against a tort plaintiff constitutes a case or controversy sufficient to confer federal jurisdiction. *See, e.g., Cincinnati Ins. Co. v. Holbrook,* 867 F.2d 1330 (11th Cir.1989). These cases do not doom the Triplett Defendants' motion, however. Consistent with *Maryland Casualty,* courts faced with declaratory judgment actions involving insurers and tort plaintiffs have acknowledged that state law, by defining the substantive rights of the parties, plays a large role in determining whether a case or controversy exists. *See Holbrook,* 867 F.2d at 1332–33; *Vermont Mut. Ins. Co. v. Everette,* 875 F.Supp. 1181, 1185–86 (E.D.Va.1995); *Hunt,* 655 F.Supp. at 286–87; *MacMillan–Bloedel,* 558 F.Supp. at 598. As one district court has observed, the applicability of federal declaratory judgment law to the "case or controversy" question does not render state law irrelevant: "Where ... substantive law governing the rights of the parties is relevant to the Court's analysis, state law applies." *Hunt,* 655 F.Supp. at 286 (*citing St. Paul Fire and Marine Ins. Co. v. Weiner,* 606 F.2d 864, 867 (9th Cir.1979)). Accordingly, the most persuasive federal cases will be those that address the rights of the parties under Texas law.

The cases cited by Plaintiff, however, fail to adequately address the parties' substantive rights under Texas law. In addition to relying on *Maryland Casualty,* Plaintiff has cited cases from the Fifth Circuit and the Northern District of Texas in support of its contention that a case or controversy exists between an insurer and a tort plaintiff. *See Hardware Mut. Cas. Co. v. Schantz,* 178 F.2d 779 (5th Cir.1949); *Ohio Cas. Ins. Co. v. Cooper Mach. Corp.,* 817 F.Supp. 45 (N.D.Tex.1993). *Schantz,* however, proves to be factually distinguishable from the case at

bar. In *Schantz*, an insurer sought a declaration that it had no duty to defend or to indemnify its insured, who was the subject of a state court wrongful death suit. The insured sought dismissal of the declaratory action, arguing that because judgment had yet to be entered in the state suit, no amount in controversy could be established and, accordingly, the federal court lacked jurisdiction. *Schantz*, 178 F.2d at 779. The Fifth Circuit rejected the insured's argument. Holding that the amount in controversy could be adequately established by reference to the amount sought in the state court suit, the Circuit held that the lower court had jurisdiction over the declaratory judgment action. *Id.* at 780. *Schantz*, although relevant, is not directly on point. There is no indication that the wrongful death plaintiff was a party to the declaratory judgment suit, and it was undisputed that an actual controversy existed between the insurer and its insured; the issue was whether the controversy was of sufficient magnitude to bring it within the federal court's jurisdiction.

The *Cooper* case cited by Plaintiff did involve facts somewhat similar to those of the case at bar. The district court's analysis of the jurisdictional issue and the effect of Texas law, however, is perfunctory at best. In *Cooper*, an insurer sought a declaration that it had no duty to defend or indemnify its insured in a state court products liability suit. *Cooper*, 817 F.Supp. at 46. However, the tort plaintiff, who was joined as a defendant in the declaratory judgment action, does not appear to have sought dismissal. The district court examined Texas procedural law, acknowledging that Texas cases would bar insurers from obtaining declaratory judgments against tort plaintiffs and correctly concluding that it was not bound by Texas' procedural law. Without analyzing the rights of the parties under Texas' substantive law, the court concluded that jurisdiction existed because "the federal courts have a more sensible view of the goal of declaratory judgment practice and have approved declarations on those subjects, which are essential to a full resolution of insurance coverage dis-

putes of the kind involved in this action." *Id.* at 47 n. 1.

■ The Court's own examination of Texas law leads it to the conclusion that unless and until judgment is entered against the Sassins in the state court suit, the Triplett Defendants will have no legally cognizable interest in the insurance contract between AEIC and the Sassins. The Triplett Defendants are, of course, not parties to the insurance contract. However, a non-party may enforce an insurance contract if the non-party is the legally intended beneficiary of the contract or is a judgment creditor of the insured. *See Dairyland County Mut. Ins. Co. v. Childress*, 650 S.W.2d 770, 775–76 (Tex.1983) (legally intended beneficiary may enforce contract); *Cowley v. Texas Snubbing Control, Inc.*, 812 F.Supp. 1437, 1445 (S.D.Miss.1992) (applying Texas law) (judgment creditor of insured is considered a third-party beneficiary of insured's policy), *aff'd sub nom. Cowley v. Stapleton*, 15 F.3d 180 (5th Cir.), *and cert. denied*, —— U.S. ——, 115 S.Ct. 80, 130 L.Ed.2d 33 (1994).

■ Under Texas law, a person injured by the insured is not a third-party beneficiary of the insurance contract until a judgment is obtained against the insured. *See Cowley*, 812 F.Supp. at 1445. Accordingly, Texas law bars a plaintiff from bringing a tort suit directly against the tortfeasor's insurance company. *See Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 741 (Tex.Civ.App.1977, writ ref'd n.r.e.); *see also* Tex.R.Civ.P. 51(b) (precluding joinder of a liability or indemnity insurance company in a tort case unless the insurance company is by statute or contract directly liable to the person injured or damaged). The Fifth Circuit, recognizing that the prohibition on direct actions enforces the substantive relationship between the insurer and the tort plaintiff, has long regarded the availability of a direct action against an insurer as a question of substantive law that requires a court sitting in diversity jurisdiction to apply state law.[5] *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190,

---

5. For this reason, the Court would be unlikely to entertain a declaratory action in which the parties' positions were reversed—that is, in which the plaintiff in a pending state case sought a declaration regarding an insurer's duty to defend or indemnify.

1191 (5th Cir.1972) (per curiam) (*citing Erie Ry. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Upon consideration, the Court is of the opinion that the substantive relationship between the insurer and the tort plaintiff should be maintained regardless of which party brings a declaratory judgment action. *See Maryland Casualty,* 312 U.S. at 273, 61 S.Ct. at 512 ("It is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case."). Because the Court concludes that AEIC's claims against the Triplett Defendants fail to present a case or controversy, the Triplett Defendants' motion to dismiss will be granted.

■ Assuming, *arguendo,* that a case or controversy existed between Plaintiff AEIC and the Triplett Defendants, the Court would nonetheless decline to exercise its declaratory judgment jurisdiction. The Fifth Circuit has long recognized that " 'it is a matter for the district court's sound discretion whether to decide a declaratory judgment action.' " *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801, 804 (5th Cir.) (*quoting Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir.1983)), *cert. denied,* 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985). But although the district court's discretion is broad, it is not unfettered. A court may not dismiss requests for declaratory relief "on the basis of whim or personal disinclination." *See Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.,* 996 F.2d 774, 778 (5th Cir. 1993) (*quoting Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28–29 (5th Cir.1989)). In addition, the district court's discretion is guided by the non-exhaustive list of factors set forth by the Fifth Circuit. In considering whether to dismiss a declaratory judgment action, the Court must consider:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant,

(3) whether the plaintiff engaged in forum shopping in bringing the suit,

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forums exist,

(5) whether the federal court is a convenient forum for the parties and witnesses, and

(6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers,* 996 F.2d at 778 (citations omitted).

Upon consideration, the Court declines to exercise jurisdiction over AEIC's declaratory judgment action against the Triplett Defendants. As noted above, AEIC has dismissed its claims against its insureds; as to the Triplett Defendants, AEIC sought only a declaration that it had no duty to pay any amounts awarded to the Triplett Defendants in the underlying state court suit. AEIC Complaint ¶ 13. The Fifth Circuit has cautioned district courts against "sitting in judgment of questions which may never in fact come to pass." *MacMillan–Bloedel,* 558 F.Supp. at 599 (*citing American Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmer's Mut. Cas. Ins. Co.,* 280 F.2d 453, 455 (5th Cir.1960)). In this case, as in *MacMillan–Bloedel,* a verdict for the insured defendants in the related tort case would render unnecessary a declaratory judgment as to insurance coverage. Accordingly, although many of the *Travelers* factors may weigh in favor of Plaintiff, judicial economy leads the Court to decline to exercise its declaratory jurisdiction over AEIC's remaining claims.

### III. Motion for Summary Judgment

As noted above, AEIC voluntarily dismissed its claims against the Sassin Defendants on April 13, 1995; accordingly, its summary judgment motion now applies only to its claims against the Triplett Defendants. Because the Court has granted the Triplett Defendants' motion to dismiss, AEIC's summary judgment motion is hereby **DENIED** as moot.

### IV. Sanctions

Counsel for the Triplett Defendants has previously suggested that the conduct of AEIC's counsel may have violated Article 21.21 of the Texas Insurance Code or Rule 4.03 of the Texas Disciplinary Rules of Pro-

fessional Conduct, which governs a lawyer's dealings with an unrepresented person. Motion for Leave ¶ 4. Because the Court agrees that the conduct of AEIC's counsel was questionable at best, the Court *sua sponte* raises the question of whether sanctions are appropriate.

A district court has the inherent power to issue sanctions in cases before it, in its discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54, 111 S.Ct. 2123, 2137–38, 115 L.Ed.2d 27 (1991); *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 906 (5th Cir.1995). The Court is of the opinion, however, that it should not exercise its discretion without hearing from both parties. Accordingly, the parties have until ***noon, August 15, 1995*** to file pleadings addressing whether sanctions are appropriate in this case.

## V. Conclusion

For the reasons set forth above, the Court rules as follows on the pending motions: (1) the Triplett Defendants' motion to dismiss is **GRANTED,** and Plaintiff AEIC's claims against the Triplett Defendants are hereby **DISMISSED,** and (2) Plaintiff AEIC's motion for summary judgment is **DENIED** as moot.

SO ORDERED.