**BITUMINOUS CASUALTY CORP., Plaintiff,**

v.

**Daniel Anthony GARCIA, Defendant.**

**Civ.A. No. 3:03–CV–1691–N.**

United States District Court,
N.D. Texas,
Dallas Division.

July 22, 2004.

Dawn Woelfel Hansen, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, TX, for Plaintiff.

Paul N. Gold, Bailey & Galyen, Houston, TX, for Intervenor.

## MEMORANDUM OPINION AND ORDER

GODBEY, District Judge.

Before the Court are various motions by Defendant Garcia and (putative) Intervenors Billy Paul Baker, individually and as executor of the Estate of Billy Keith Baker, Judith Ann Baker, Jan E. Tumlinson, Gary L. Campbell, and David L. Campbell. Because Intervenors were as a practical matter deprived of an important interest without notice or an opportunity to be heard, Intervenors' motion to intervene and motion for extension of time are granted; the Court notes its willingness to grant Intervenors' motion to set aside default judgment, but presently lacks jurisdiction to grant that motion; the Court thus need not reach Garcia's motion to vacate.

### I. BACKGROUND

This is an insurance coverage declaratory judgment action. The underlying dispute arose out of an accident in which Garcia, driving a truck, collided with a motorcycle that Billy Keith Baker and Thersa Gai Baker were riding, killing them both. The truck was owned by an entity named "Geo–Tech" and/or Donald Herrin, Garcia's employer. Bituminous Casualty Corp. ("Bituminous") provided insurance coverage to Geo–Tech under a business auto policy. Garcia was subsequently convicted of vehicular manslaughter and, at all times pertinent to these motions, has since been in prison.

On February 10, 2003, Intervenors commenced a wrongful death action against Herrin, Geo–Tech, and Garcia, styled *Baker, et al., v. Herrin, et al.,* Cause No. 2003–300–

CCL2, pending in the County Court at Law No. 2 of Gregg County, Texas (the "Gregg County Lawsuit"). Bituminous retained counsel to defend Herrin and Geo–Tech in the Gregg County Lawsuit, and also retained different counsel with another law firm to defend Garcia.[1] Bituminous defended Garcia under a reservation of rights letter on the basis, among others, that Garcia was driving the truck without permission and thus was not an insured and covered under the policy. Whether Garcia was driving with permission is apparently a contested and significant issue in the Gregg County Lawsuit.

On July 28, 2003, Bituminous filed this action, seeking declaratory judgment that Bituminous had no duty to defend or indemnify Garcia in connection with the Gregg County Lawsuit. Pursuant to Local Rules 3.1(f) and 7.4, Bituminous filed a certificate of interested persons identifying Intervenors as persons with an interest in the outcome of this action; Intervenors were not otherwise served or notified of the pendency of this action. On August 7, 2003, Garcia was served with process while in prison. He neither answered nor responded to this action. On February 26, 2004, the Court signed a default judgment in favor of Bituminous and against Garcia, declaring that Bituminous had no duty to defend or to indemnify Garcia in connection with the Gregg County Lawsuit. On March 24, 2004, counsel for Herrin and Geo–Tech for the first time advised counsel for some of Intervenors of the default judgment, and provided them a copy on Friday, March 26, 2004. On March 29, 2004, Intervenors moved to intervene, to set aside the default judgment, and to extend time under Rule 4 of the Federal Rules of Appellate Procedure. On April 15, 2004, Garcia moved to set aside the default judgment under Rule 60(b)(3). Although an appeal has been docketed with the Fifth Circuit, the Court has been advised that the

Fifth Circuit has stayed the appeal until this Court rules on the referenced motions.

## II. MOTION TO INTERVENE

■ The entire text of Intervenors' motion to intervene is: "The [Intervenors], pursuant to Federal Rule of Civil Procedure 24(a) respectfully request that the Court allow them to intervene in this cause of action as parties who are directly affected by the issues and outcome in this case." Motion ¶ 2.1. Other than whatever argument may be implicit in the factual section of Intervenors' motion, the quoted sentence constitutes the sum total of their argument on their motion to intervene.[2] Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED.R.CIV.P. 24(a). In addition to the three requirements of (1) an interest, (2) that may be impaired, and (3) inadequate representation, the motion to intervene must also be timely. *See Saldano v. Roach,* 363 F.3d 545, 551 (5th Cir.2004).

■ Intervenors moved to intervene within days of learning of the pendency of this action. Accordingly, their motion is timely. Because Garcia continues to be pro se, Intervenors' interest, if any, is not presently adequately represented. The current disposition may as a practical matter impair or impede Intervenors' ability to protect their interest in a finding of permissive use in the Gregg County Lawsuit.[3] The only question

---

**1.** Bituminous is represented in this action by another lawyer with the same firm that is defending Herrin and Geo–Tech in the Gregg County lawsuit.

**2.** Intervenors filed a non-substantive Reply, in which they simply stated that Bituminous, "in its Response, has raised no issues which warrant a

formal rebuttal in this Reply and Request for Oral Hearing." Reply ¶ 1.1.

**3.** It is not up to this Court to determine what preclusive effect, if any, judgment in this action might have in the Gregg County Lawsuit. It is sufficient for this Court to determine that judgment in this action *might* as a practical matter, impair Intervenors' interest.

remaining is whether Intervenors' concerns constitute a legally sufficient interest to support intervention.

Bituminous is not the first carrier to try this procedural approach. Other courts have held that a claimant may intervene when an insurer commences a coverage declaratory judgment action. *See Security Ins. Co. v. Schipporeit,* 69 F.3d 1377, 1380–81 (7th Cir. 1995) (claimant may intervene of right in insurer's coverage declaratory judgment action when insured defaults); *Hartford Fire Ins. Co. v. Mitlof,* 193 F.R.D. 154, 160–61 (S.D.N.Y.2000) (secondary insurer may intervene of right in primary insurer's coverage declaratory judgement action); *State Farm Fire & Cas. Co. v. Evans,* 1996 WL 407545 (N.D.Miss.1996) (claimant may permissively intervene in insurer's coverage declaratory judgment action when insured, who was in prison, defaults); *Continental Cas. Co. v. West Machine & Tool, Inc.,* 2004 WL 1445812 (E.D.Tex.2004) (Guthrie, M.J.) (claimant permitted to intervene after insured defaulted in insurer's coverage declaratory judgment action).

Bituminous cites *Standard Fire Ins. Co. v. Sassin,* 894 F.Supp. 1023, 1027 (N.D.Tex. 1995) (Texas law), for the proposition that third-party claimants have no cognizable interest in an insurance contract on which to bring suit. Bituminous correctly states the limited holding of *Sassin.* In *Sassin,* the carrier brought a declaratory judgment action that it had no duty to defend and no duty to indemnify, against *both* its insured and the tort claim plaintiff. The carrier voluntarily dismissed its claims against its insured and continued with only its claim that it owed no duty to indemnify against the tort claim plaintiffs. *Id.* at 1025. The tort claim plaintiffs then moved to dismiss the carrier's claims for lack of justiciable case or controversy, and the Court granted that motion, because until a judgment is entered in the underlying case, the tort claim plaintiff has no independent interest in the contract of insurance on which he can bring suit. *Id.* at 1027–28.

■ That holding is inapposite to the current circumstances. First, Bituminous does not argue the Court has no case or controversy before it, because there is a controversy between Bituminous and Garcia. The Court suspects that if Bituminous voluntarily dismissed Garcia, like the carrier did in *Sassin,* then Intervenors would gladly join Bituminous in a motion to dismiss. Second, Intervenors are not attempting individually to sue Bituminous; rather they are trying to intervene in an existing case or controversy. In the Fifth Circuit, "Article III does not require intervenors to independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy and the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so." *Ruiz v. Estelle,* 161 F.3d 814, 830 (5th Cir.1998). *See also In re Enron,* 2004 WL 405886, at *22 (S.D.Tex.2004). Intervenors, therefore, need not independently establish a case or controversy.

■ Accordingly, the Court holds that Intervenors have an interest in the subject matter of this action sufficient to support their intervention. The motion to intervene is, therefore, granted.[4]

### III. MOTION TO SET ASIDE DEFAULT JUDGMENT

■ Intervenors and Garcia move to set aside the default judgment under Rule 60(b). Intervenors essentially argue that it just wasn't fair for Bituminous to address the permissive use question in this proceeding, knowing that Garcia was unsophisticated, and without advising his counsel in the Gregg County Lawsuit of the pendency of this ac-

---

4. Bituminous correctly points out that Intervenors' motion to intervene is not "accompanied by a pleading setting forth the claim or defense for which intervention is sought." FED R. CIV. P. 24(c). It is abundantly clear from Intervenors' motion that they intend to defend Bituminous' claim for declaratory judgment that it has no duty to defend or indemnify. The Court, there-

fore, is not inclined to deny the motion for this technical defect. The Court is conversely not inclined to ignore this defect properly raised by the opposing party. The Court is, therefore, granting Intervenors' motion to intervene *subject to* Intervenors curing this defect within fourteen (14) days of the date of this Order.

tion. Intervenors again are somewhat terse in their argument on this point, even to the extent that they do not specify which provision of Rule 60(b) they claim supports their motion.

Rule 60(b) provides, in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

FED.R.CIV.P. 60(b). Reasons (2), (3), (4), and (5) are facially inapplicable.

The Court now considers whether Intervenors fit within reason (1). The Court is mindful that:

Although "mistake, inadvertence, surprise, or excusable neglect" are recognized as grounds for relief from a final judgment by Rule 60(b)(1), the Rule is completely silent on what these terms mean. Court language does not precisely define these terms, either. What is or is not sufficient to justify relief under Rule 60(b)(1) is best understood by analyzing fact patterns, rather than the language of the cases.

12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 60.41[1][a] (3d ed.1997). Notwithstanding that, the Court feels compelled to acknowledge at least some content to the words of the Rule.[5] Intervenors do not appear to fit within mistake, inadvertence, or excusable neglect of reason (1), given that being unaware of the pendency of this action, they hardly had the ability to make a mistake, etc. Neither the parties, nor Prof. Moore, nor Profs. Wright & Miller provide any analysis of "surprise." *See id.;* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed.1995). The Court's limited research has not turned up any extensive jurisprudence of "surprise" under Rule 60(b)(1).[6] Those cases the Court found do not engage in any analysis of "surprise," but simply apply the ordinary meaning of the word to their facts. In a plain

---

**5.** *Cf. Padgett v. United States,* 272 F.2d 774, 776 (5th Cir.1959) ("The assertions of the appellant that Rule 60(b) should be liberally construed and applied are sound, but do not justify the granting of relief except in cases where the rule by its terms applies.")

**6.** *See Jones v. United States,* 255 F.3d 507, 511–12 (8th Cir.2001) (court's exclusion of prejudgment interest in damages due to sovereign immunity is not surprise); *Williams v. New York City Dept. of Corr.,* 219 F.R.D. 78, 84–85 (S.D.N.Y. 2003) (receipt of dismissal order by pro se plaintiff is not surprise given numerous warnings by court); *ACEquip Ltd. v. Am. Eng'g Corp.,* 218 F.R.D. 364, 366 (D.Conn.2003) (failure to receive copy of defendant's status report was not a surprise that would entitle plaintiff to relief from order of dismissal for plaintiff's failure to file status report when plaintiff was required by court order to file status report); *Meiselman v. Byrom,* 207 F.Supp.2d 40, 45 (E.D.N.Y.2002) (admission into evidence of videotape made of plaintiff during trial—presumably of conduct out-

side the courthouse—not a surprise); *McLindon v. Russell,* 2000 WL 1221816, at *1–*2 (S.D.Ohio 2000) (failure to receive copy of pleading is surprise); *Ilardi v. Bechtel Power Corp.,* 106 F.R.D. 567, 570 (E.D.N.Y.1985) (trial court's exclusion of evidence at trial not a surprise); *In re Four Seasons Sec. Laws Lit.,* 63 F.R.D. 422, 431–33 (W.D.Okla.1974) (in MDL class action, subsequent guilty plea and conviction by class action defendant in parallel criminal litigation did not constitute surprise that would permit class member to obtain relief from judgment entered pursuant to settlement in order to opt out); *In re Four Seasons Sec. Laws Lit.,* 59 F.R.D. 667, 677–78 (W.D.Okla.), *rev'd on other grounds,* 502 F.2d 834 (10th Cir.1974) (in MDL class action, failure to read notice is not a surprise); *Hodgson v. Atlantic Contracting, Inc.,* 1972 WL 958, at *2 (D.R.I. 1972) (defendant's failure to receive courtesy call from plaintiff's counsel prior to taking a default judgment does not constitute surprise).

meaning sense,[7] Intervenors' discovery of the pendency of this action and a default judgment against them surely was a surprise. The Court therefore holds that Intervenors' claim fits within the ambit of Rule 60(b)(1).

The next question is whether Intervenors have made a showing to justify relief under Rule 60(b)(1). The practical effect of the judgment here is that Intervenors' claim of permissive use has been resolved against them on a default judgment. Accordingly, the Court will analyze Intervenors' claim using the same framework used to resolve a defendant's attempt to vacate a default judgment under Rule 60(b)(1).

> Courts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits. *See Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir.1992) ("This court applies Rule 60(b) 'most liberally to judgments in default ... [because] ... [t]runcated proceedings of this sort are not favored.'") (internal citations omitted). We have directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985); *see also Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir.1991). These factors are not "talismanic." *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992). A district court may consider other factors, and the decision of whether to grant relief under Rule 60(b)(1) falls within its sound discretion. *See Hibernia*, 776 F.2d at 1279.

*Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 938–39 (5th Cir.1999).

The default here took place without any notice to Intervenors, without any negligence or carelessness by Intervenors, not as a result of any ignorance of the law on the part of Intervenors or their attorneys, was not a result of an intentional choice by Intervenors, and the instant motion is not made in lieu of an appeal. Intervenors are significantly prejudiced here because their ability to recover insurance proceeds for their injuries from Garcia's potential insurer is adversely affected. The prejudice to Bituminous from granting relief is minimal, because it will simply be required to prove its case on the merits in an adversarial forum, rather than obtaining a windfall judgment by forfeit. Although Intervenors are again terse on this point, they indicate that discovery in the Gregg County Lawsuit shows a serious factual issue regarding whether Garcia's use of the truck was permissive, and therefore that they have a meritorious defense to the coverage issue. Finally, Intervenors filed their motion well within one year of the judgment. Accordingly, the Court believes Intervenors are entitled to relief under Rule 60(b)(1).

Alternatively, if Rule 60(b)(1) does not apply to Intervenors' motion, then none of reasons (1) through (5) would apply. In that case, Intervenors' motion would be a proper candidate for Rule 60(b)(6). *See Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.1995) (relief under Rule 60(b)(6) not available if grounds would fit within Rule 60(b)(1)–(5)). For the same reasons stated above with regard to Rule 60(b)(1), the Court believes that Intervenors would be entitled to relief under Rule 60(b)(6) if Rule 60(b)(1) were inapplicable.

■ Although the Court understands that the Fifth Circuit has stayed Intervenors' appeal for this Court to consider the instant motions, the Fifth Circuit has not granted leave for this Court to grant Intervenors' motion to set aside, nor remanded for consideration of those motions. Accordingly, while this Court may have jurisdiction to *consider* the motion, it lacks jurisdiction to *grant* the motion. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329–30 (5th Cir.2004); *Winchester v. United States Attorney*, 68 F.3d 947, 949–50 (5th Cir.1995). The Court will, therefore, take no further action on Intervenors' motion to set aside, pending further instruction from the Circuit.

---

**7.** "Surprise ... 3.a. Something that takes one by surprise; an unexpected occurrence or event; anything unexpected or astonishing." OXFORD ENGLISH DICTIONARY ONLINE (2d ed.1989).

In view of the Court's ruling on Intervenors' motion to set aside, it is unnecessary to address Garcia's motion to set aside.

## IV.  MOTION FOR EXTENSION OF TIME

█ Finally, Intervenors move the Court to extend time under Rule 4 of the Federal Rules of Appellate Procedure.  The Court finds that Intervenors have shown good cause for an extension of time, in that they did not have notice of the pendency of this action until March 24, 2004.  Accordingly, the Court grants Intervenors' motion and extends the time for Intervenors to file a notice of appeal for thirty (30) days from the expiration of the time otherwise prescribed by Rule 4(b) of the Federal Rules of Appellate Procedure.

## CONCLUSION

The Court does not hold that Bituminous violated any applicable Federal Rule of Civil Procedure or Disciplinary Rule of Professional Conduct, or took any procedural step that was not permitted.[8]  Nonetheless, the result obtained was fundamentally unfair: in any meaningful sense, Intervenors were deprived of a valuable interest without notice or an opportunity to be heard.  Under those cir-

cumstances, applying principles of equity, this Court cannot in good conscience exercise its discretion any differently than it has—in favor of full and fair, adversarial resolution on the merits with the participation of all affected parties.

So ordered.

Pursuant to Rule 10(e)(2)(B) of the Federal Rules of Appellate Procedure, the District Clerk is directed to certify and forward to the Court of Appeals the following instruments:

1.  Intervenors' Motion to Intervene, etc.;

2.  Plaintiff Bituminous Casualty Corporations Response to Motion to Intervene, etc.;

3.  Intervenors' Reply to Plaintiff's Response to the Interested Parties' Motion to Intervene, etc.;

4.  Defendant Daniel Garcia's Motion to Set Aside Default Judgment; and

5.  this Order.

---

8.  Indeed, the Court signed the default judgment requested by Bituminous, and thus is at least somewhat complicit in that result.