**HARDWARE MUT. CASUALTY CO. v. SCHANTZ et al.**

No. 12594.

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1949.

J. L. Lancaster, Jr., Dallas, Tex., for appellant.

E. E. Murphy, San Angelo, Tex., Earl W. Smith, San Angelo, Tex., for appellees.

Before HUTCHESON, WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

Appellant filed a complaint for a declaratory judgment seeking an adjudication of the rights of the parties under a policy of public liability, or indemnity, insurance, issued to appellee, Schantz. Appellees sought to have the cause dismissed for lack of jurisdiction, asserting that since the amount involved had not then been determined, jurisdiction was not made to appear. Without any adjudication of the merits, the lower Court, agreeing with appellees that the Court lacked jurisdiction, dismissed the suit.[1]

Therefore, the question for our determination is solely whether or not the trial Court had jurisdiction and not whether the plaintiff was liable under its policy.

1. The lower Court's order provided: "Now, therefore, it is hereby ordered that this cause be and the same is hereby dismissed for the reason that it appears from the pleadings and admissions of solicitors that there is a suit pending in the State Court against these defendants and other parties, and it appearing to the Court that the amount in controversy has not yet been determined, and that this Court should not at this time take jurisdiction."

At the time of the bringing of this suit there was pending in the State Court a suit against the executors of Schantz for more than $100,000 for the wrongful death of a third party. There had been demands by Schantz or his executors and a refusal by the Insurance Company to defend that suit and it was in an effort to escape liability to defend the State Court suit and to indemnify the assured against any judgment rendered therein against Schantz's estate that the Insurance Company sought a declaratory judgment.

The jurisdictional requisites for maintaining a suit for a declaratory judgment in the present case are, diversity of citizenship and an actual controversy involving in excess of $3,000.[2]

The parties are in dispute as to the coverage of the policy sought to be construed. The Insurance Company strenuously denies liability, and with equal vigor appellees assert coverage. This constitutes an actual controversy. The policy in question has a limit of $25,000 in case of death or injury of one person and a greater amount in case of death or injury of additional persons. The record clearly indicates that the suit in the State Court involves an amount in excess of $100,000, and presents a contingent liability greatly in excess of $3,000. This supplies the requisite amount in controversy. Appellees are citizens of Texas and appellant is a citizen of Wisconsin.

It is settled that where there is an actual controversy over rights valued in excess of $3,000, whether contingent or liquidated, a declaratory judgment may be rendered in the Federal Court. American Machines & Metals, Inc., v. DeBothezat Impeller Company, 2 Cir., 166 F.2d 535; Pennsylvania Casualty Company v. Upchurch, 5 Cir., 139 F.2d 892. Even in cases where the District Court has a discretion in the determination of its jurisdiction in actions for declaratory judgments relative to liability under insurance policies, the discretion is judicial and must be exercised in conformity to legal principles. Franklin Life Insurance Company v. Johnson, 10 Cir., 157 F.2d 653. In the exercise of that discretion Federal Courts should not usurp the jurisdiction of the State Courts in instances where State Courts have first obtained jurisdiction of the parties and of the subject matter.

The purpose of the Declaratory Judgment Act is to settle "actual controversies" before they ripen into violations of law or a breach of some contractual duty. The question presented in this case by the Insurance Company dealt not with the merits of the case pending in the State Court but with the question of the coverage and consequent liability to its assured under a policy of indemnity and not the liability of its assured to the plaintiff in the State Court suit. The Insurance Company, before incurring large expense in defending the State suit, or before admitting liability under the policy, wants to know whether it is bound under its contract to defend the same and whether or not it would be liable under the coverage of its policy in the event a judgment were rendered against the assured in the State Court, since an admission that it is liable to defend the suit might be deemed equivalent to an admission that the accident was within the coverage of the policy.

It is our opinion that there was an actual controversy between citizens of different states over an amount in excess of $3,000. The judgment is reversed and the cause is remanded for proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

2. Title 28 U.S.C.A. § 2201, provides:
"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."