**ILLINOIS CENT. R. CO. v. BULLOCK et al.**

No. 13085.

United States Court of Appeals Fifth Circuit.

May 12, 1950.

Rehearing Denied June 7, 1950.

852

Ben F. Cameron, Meridian, Miss., A. S. Bozeman, Meridian, Miss., James L. Byrd, Jackson, Miss., for appellant.

L. J. Broadway, Meridian, Miss., Francis S. Bowling, Jackson, Miss., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

Alleging the occurrence of a crossing collision between one of plaintiff's passenger trains and an automobile in which one Bullock was injured, plaintiff brought this suit, against Bullock, Mrs. Bonney, the driver of the car in which Bullock was riding, and against Roach and Jones, [Bullock's lawyers in the first of two state court suits Bullock had filed] for a declaratory judgment determining the respective rights and liabilities of plaintiff and the defendants.

The declarations asked were: (1) that not plaintiff but Mrs. Bonney was responsible for the accident and liable to Bullock for his injuries, and that she should be required to compensate him therefor; (2) that if plaintiff is liable to Bullock, it is only for the amount of $1,000, the amount which Bullock and his counsel in the first suit had agreed to take in settlement, and that Bullock is without right to further prosecute either of his suits in the state court; (3) that for any sum for which plaintiff may be held liable to Bullock, Mrs. Bonney be held liable to indemnify plaintiff; (4) that if it be found that both plaintiff and Mrs. Bonney were guilty of negligence, the amount of damage due by

each be apportioned between them; and (5) that the rights and liabilities of all of the parties defendant be determined equitably, and that plaintiff be awarded such relief as it may be entitled to.

On motion to dismiss the complaint, (1) for want of jurisdiction, and (2) for failure to state a claim upon which relief can be granted, the district judge expressed the opinion that the suit involved three separate controversies, (a) a controversy over the settlement for $1,000; (b) a controversy with Mrs. Bonney for contribution or indemnity; and (c) a controversy over whether the railroad company was guilty of any negligence, and whether the court should apportion the negligence between it and Mrs. Bonney.

With respect to the first controversy, he expressed the opinion that the court was without jurisdiction.

Of the second controversy, he expressed the opinion that, since, under the settled law of Mississippi, there is no contribution between joint tort feasors,[1] no action for declaratory judgment was stated.

Of the third controversy, he expressed the opinion that, while there was declaratory judgment jurisdiction, a sound discretion required the court to decline its exercise and to dismiss the suit.

Appellant is here insisting that the court erred in so deciding, and that the judgment must be reversed and the cause remanded for the determination and declaration prayed.

We do not think so. We are of the opinion that the complaint presented for determination only one controversy, as to the respective rights and liabilities of plaintiff and defendants, growing out of the collision, and not several separate ones.

We cannot, therefore, agree with the view of the district judge; that the claim with respect to the settlement was a distinct and separate cause of action on a less than jurisdictional amount; or with his view, that, because plaintiff would not be entitled to a favorable declaration on whether Mrs. Bonney could be made to contribute to or

1. Grandquist v. Crystal Springs Lbr. Co., 190 Miss. 572, 1 So.2d 216; Miss. Central Ry. Co. v. Roberts, 173 Miss. 487, 160 So. 604.

indemnify the railroad company, the court was without jurisdiction to entertain and proceed with the cause.

■ We are, however, in complete agreement with his view, that, though the court had declaratory judgment jurisdiction, it should not, in the exercise of a sound discretion, entertain or proceed with the action, but, declining to exercise the jurisdiction, should dismiss the cause without prejudice to the merits.

■ The order, sustaining the motion to dismiss and dismissing the complaint, is a general dismissal without stating the grounds. Unless, therefore, what appears in the record as a letter opinion of the judge is read into, and made a part of the order, the order might be regarded as a judgment dismissing the cause on its merits. The order is, therefore, modified to read: "Ordered and Adjudged that the complaint be, and the same is hereby, dismissed, not, however, for want of jurisdiction or on the merits, but, in the exercise of an informed discretion not to entertain or proceed further in the cause", and so modified, it is affirmed.