**COREGIS INSURANCE COMPANY,**
**Plaintiff,**

v.

**James F. McCOLLUM, Amber Jade Johnson, James F. McCollum, P.A., Marine City Nursery Company and Senger Brothers, Inc., Defendants.**

No. 96–1068–CIV–T–17–B.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 20, 1997.

George A. Vaka, Tracy Raffles Gunn, Fowler, White, Gillen, Boggs, Villareal &

Banker, P.A., Tampa, FL, Jeffrey A. Goldwater, Robert A. Chaney, Bollinger, Ruberry & Garvey, Chicago, IL, for Coregis Insurance Company.

Jon H. Anderson, John H. Anderson, Anderson & Artigliere, P.A., Lakeland, FL, for James F. McCollum, James F. McCollum, P.A.

Robert E. Gordon, Zell Davis, Jr., Davis, Gordon, Doner & Chandler, P.A., West Palm Beach, FL, for Marine City Nursery, Senger Brothers, Inc.

Ronald Haury Roby, Winter Park, FL, for Amber Jade Johnson.

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before this Court pursuant to the Motion to Dismiss for Improper Subject Matter Jurisdiction of Defendants Marine City Nursery Company ("Marine City") and Senger Brothers, Inc. ("Senger Brothers") and accompanying Memorandum of Law (Docket Nos. 41 and 42); Defendant Amber Jade Johnson's ("Johnson") Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter and accompanying Memorandum of Law (Docket Nos. 47 and 48); the Motion to Dismiss for Improper Subject Matter Jurisdiction of Defendants James F. McCollum and James F. McCollum, P.A. ("McCollum") and accompanying Memorandum of Law (Docket Nos. 51 and 52); and Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss for Improper Subject Matter Jurisdiction (Docket No. 55) filed in response.

### BACKGROUND

There is a current action pending in state court filed by Defendants Marine City and Senger Brothers for professional malpractice as to Defendants McCollum and Johnson arising out of their representation of Marine City and Senger Brothers in a suit against E.I. DuPont De Nemours & Company. Plaintiff, Coregis Insurance Company, subsequently filed an action in this Court for declaratory judgment to determine its obligations to provide coverage

and defend Defendants McCollum and Johnson under a professional liability policy. Plaintiff asserts that Defendants McCollum and Johnson made misrepresentations on the application for professional liability insurance, which precludes coverage for the underlying lawsuit and entitles Plaintiff to rescind the policy. Plaintiff is presently defending Defendants McCollum and Johnson in the underlying state action under a reservation of rights.

## DISCUSSION

All defendants in this action have filed motions to dismiss for improper subject matter jurisdiction, raising the following grounds, which will be analyzed below.

### A. *Discretion to Consider Declaratory Judgment*

Defendants Marine City, Senger Brothers and McCollum rely on the United States Supreme Court's opinion in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) as grounds for dismissal of Plaintiff's Complaint seeking declaratory judgment. Defendants assert that the *Brillhart* rule requires that this Court exercise its discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to dismiss this action where a state court action is pending to resolve the same controversy.

The Declaratory Judgment Act provides that federal courts may declare the "rights and other legal relations of any interested party ... [i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201 (1995). The Declaratory Judgment Act is "an enabling act which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Company*, — U.S. —, —, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). This discretionary jurisdiction should be declined in deference to orderly and comprehensive disposition of state court litigation when "another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176. A federal court should also consider whether the con-

troversy between the parties "can be better settled in the proceeding in the state court" and whether the claims of "all parties in interest can satisfactory be adjudicated" in the state court proceeding. *Id.*

█ The Defendants assert that the underlying case pending in the Circuit Court of the 10th Judicial Circuit, Highlands County, Florida, will resolve the issue between the parties in this declaratory judgment action. That state court suit is an action for professional malpractice in which Marine City and Senger Brothers allege negligence and breach of contract against McCollum and Johnson. However, the plaintiff in the declaratory judgment action before this Court, Coregis Insurance Company, is not a named party in the state court action. Moreover, the issue presented in this declaratory judgment action involves a determination of Plaintiff's obligations to Defendants under a policy of professional liability insurance, which is a separate issue that is not raised in the state court action. Thus, the *Brillhart* doctrine will not apply in this circumstance where the pending state court action does not involve the same parties and present the same issues. If this declaratory judgment action is dismissed, Plaintiff's claim will not be adjudicated in the underlying state court action. Therefore, the motions to dismiss for improper subject matter jurisdiction will not be granted on this ground.

### B. *Abstention from Considering Declaratory Judgment*

█ Defendant McCollum, presumably relying on the United States Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), asserts that this Court should abstain from exercising its jurisdiction because Plaintiff's Complaint presents difficult questions of state law bearing on policy problems of substantial public import. Defendant McCollum also alleges that any declaratory judgment by this Court will disrupt administrative proposals by state legislative bodies.

Under the *Colorado River* rule, a federal court has "latitude to surrender its jurisdic-

tion only if the 'exceptional circumstances' test employed by that Court is met, overcoming the 'duty of a District Court to adjudicate a controversy properly before it.'" *General Star Indemnity Co. v. Puckit,* 818 F.Supp. 1526, 1529 (M.D.Fla.1993) (quoting *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244). Thus, the movant for dismissal on these grounds must overcome a higher hurdle under ·a *Colorado River* abstention analysis than under the *Brillhart* doctrine for a federal court's discretion under the Declaratory Judgment Act. *Puckit,* 818 F.Supp. at 1529. *Colorado River* dictated only three "exceptional circumstances" in which a federal court should abstain from exercising its jurisdiction over declaratory judgments: (1) "in cases presenting a federal constitutional issue which might be mooted or presented in. a different posture by a state court determination of pertinent state law"; (2) in cases "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; and (3) in cases "where absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution, or collection of state taxes." *Colorado River,* 424 U.S. at 814–16, 96 S.Ct. at 1246.

The only "exceptional circumstance" in the abstention analysis that this declaratory action could possibly fall under is the second category; yet, Defendant McCollum has not explained what issues it asserts are "difficult questions of state law bearing on policy problems of substantial public import." Defendant also fails to explain how this Court's exercise of its jurisdiction in this matter will disrupt state legislative proposals. The United States Supreme Court has dictated that "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244. Abstention from this Court's obligation to adjudicate cases can be justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* Because the Defen-

dants do not allege any novel or unsettled issues of state law that would be more appropriately decided by a Florida court, the motion to dismiss for improper subject matter will not be granted on this ground.

C. *Lack of an "Actual Controversy" Between Parties*

Defendant Johnson asserts that this Court should dismiss this action for declaratory judgment because the Plaintiff's Complaint and/or Amended Complaint for Declaratory Judgment fails to demonstrate any factual basis for controversy other than Plaintiff's assertion that it has no obligation to Defendants under its policy. Defendant alleges that an "actual controversy" is a jurisdictional prerequisite; therefore, the complaint for declaratory action must allege sufficient facts to establish an actual controversy.

■  Although a federal district court has discretion in deciding whether to grant or deny declaratory relief, that discretion "should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." *Cincinnati Insurance Co. v. Holbrook,* 867 F.2d 1330, 1333 (11th Cir.1989). The purpose of the Declaratory Judgment Act is to "settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty." *Hardware Mutual Casualty Co. v. Schantz,* 178 F.2d 779 (5th Cir.1949).

■  Here, a "case or controversy" under federal constitutional principles and the Declaratory Judgment Act did exist when Plaintiff pled that it owed no obligation to Defendants in its Complaint and/or Amended Complaint. The coverage issue was not raised in the underlying state claim and was first presented in the federal forum, where Plaintiff had a right to pursue the issue. If this Court denied Plaintiff a declaration of its rights and obligations under its policy with Defendants McCollum and Johnson, it would be exposing the Plaintiff to a "very substantial and perhaps a binding obligation for providing a defense" to those Defendants without Plaintiff's knowing whether it owes such an obligation. *Holbrook,* 867 F.2d at

1333. The underlying state court action will not fully resolve this controversy. Before Plaintiff incurs large expense in defending the state action, or before it admits liability under the policy, Plaintiff has a right to know whether it is bound under its contract to defend its insured and whether or not it would be liable under the coverage of its policy in the event the state court renders a judgment against it. *Schantz*, 178 F.2d at 780. Thus, an "actual controversy" does exist in this action and the Court will not grant Defendant Johnson's motion to dismiss for lack of subject matter jurisdiction on this ground.

D. *Lack of requisite amount in controversy for diversity jurisdiction*

Defendant Johnson also alleges that Plaintiff's Complaint in this action does not demonstrate that an amount in excess of fifty thousand dollars ($50,000.00) is controverted, as is required for federal diversity jurisdiction under 28 U.S.C. § 1332.

▮ Where there is actual controversy over rights valued in excess of the required jurisdictional amount, whether contingent or liquidated, a declaratory judgment may be rendered in federal court. *Schantz*, 178 F.2d at 780. Although the exact amount in controversy in this action has not yet been determined, the policy in question has a limit of liability of $500,000.00. The Complaint also clearly indicates that the underlying malpractice suit in state court involves an amount of more than $35,000.00, which, in addition to the contingent liability presented, would exceed $50,000.00. This supplies the requisite amount in controversy. Thus, Defendant Johnson's motion to dismiss for lack of subject matter jurisdiction will be denied on this ground.

In its memorandum opposing Defendants' motions to dismiss, Plaintiff asserts that this Court should deny the Defendants' motions as untimely. As the Defendants' motions to dismiss for improper subject matter jurisdiction cannot succeed on the arguments presented to this Court, a discussion of the timeliness of these motions is unwarranted. Accordingly, it is

**ORDERED** that the Motion to Dismiss for Improper Subject Matter Jurisdiction of Defendants Marine City Nursery Company and Senger Brothers, Inc. (Docket No. 41); the Motion to Dismiss for Improper Subject Matter Jurisdiction of Defendants James F. McCollum and James F. McCollum, P.A. (Docket No. 51); and the Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter of Defendant Amber Jade Johnson (Docket No. 47) be **DENIED.**