**NORTHLAND INSURANCE COMPANY, Plaintiff,**

v.

**TOP RANK TRUCKING OF KISSIMMEE, INC.; Archie Richard Hines; Katherine Weng, as co-personal representatives of the Estate of Leslie L. Rojas and as legal guardian of minor M.L.F.; Anthony Medina, as co-personal representative of the Estate of Leslie L. Rojas and as legal guardian of minor J.M.M.; Maribel Ruiz, as legal guardian of minor A.R., Defendants.**

Case No. 6:11–cv–1126–Orl–22KRS.

United States District Court, M.D. Florida.

Nov. 9, 2011.

Todd M. Davis, Sina Bahadoran, Hinshaw & Culbertson, LLP, Miami, FL, for Plaintiff.

David Charles Beers, Beers & Gordon, PA, Altamonte Springs, FL, Karen E. Terry, Mariano Garcia, Searcy, Denney, Sca-rola, Barnhart & Shipley, West Palm Beach, FL, for Defendants.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court for consideration of Defendants Katherine Weng and Anthony Medina's Motion to Dismiss Plaintiff Northland Insurance Company's Complaint for Declaratory Judgment (Doc. No. 10), to which Plaintiff Northland Insurance Company ("Northland") responded in opposition (Doc. No. 12.) For the reasons set forth below, the Court will deny Weng and Medina's Motion to Dismiss.

## I. BACKGROUND

Northland issued a commercial auto insurance policy (the "Policy") to Top Rank Trucking of Kissimmee, Inc. ("Top Rank"). (Doc. No. 1 ¶ 11.) Weng and Medina, as co-personal representatives of the Estate of Leslie L. Rojas, filed a case in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida against Top Rank and Archie Richard Hines. (Doc. No. 1–6 at 1.) In the state-court case, Weng and Medina allege that Hines negligently caused Rojas's death when Hines's truck struck Rojas, who was a pedestrian at the time of the collision. (Doc. No. 1–6 ¶ 16.) Weng and Medina further allege that Top Rank is vicariously liable for Hines's negligence. (Doc. No. 1–6 ¶ 13.) Northland is not a party to the state-court case. (Doc. No. 12 at 3.)

## II. DISCUSSION

Northland filed this action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking to determine its potential liability and duties owed on its insurance policy with Top Rank. Specifically, Northland seeks a

declaratory judgment stating that: (1) Northland has no obligation under the Policy to indemnify Hines or Top Rank against any claim arising out of Rojas's death and (2) Northland has no duty to defend Hines or Top Rank against any claim arising out of Rojas's death. (Doc. No. 1 at 10.) Northland also argues that, with respect to Rojas's death, it has no suretyship obligation under the MCS-90 endorsement to the Policy; although Northland does not specifically request any relief with respect to the MCS-90 endorsement. (*Id.* ¶¶ 46–49.) Weng and Medina contend that this Court should decline to exercise jurisdiction pursuant to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and dismiss this case. (Doc. No. 10 at 3–4.)

 The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir.2005) (citing *Brillhart*, 316 U.S. at 494, 62 S.Ct. 1173). Further, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (internal quotation marks omitted) (citations omitted). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173. The Eleventh Circuit has provided the district courts with a series of guidepost factors[1] to aid in balancing state and federal interests while deciding whether to exercise jurisdiction over a declaratory judgment case. *Roach*, 411 F.3d at 1331.

---

1. The factors are:

 (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

 (2) whether the judgment in the federal declaratory action would settle the controversy;

 (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

 (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

 (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

 (6) whether there is an alternative remedy that is better or more effective;

 (7) whether the underlying factual issues are important to an informed resolution of the case;

 (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

 (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

 *Roach*, 411 F.3d at 1331.

██ Here, the case pending in state court does not involve the same parties. Although all parties in the state-court case are named as defendants in this case, Northland is not a party to the state-court case.[2] Further, the state-court case and this case do not present the same legal issues. The issues in the state-court case are Hines's alleged negligence and Top Rank's alleged vicarious liability. The only question presented in this case is whether, with respect to Rojas's death, Northland incurs any obligations arising out of its insurance policy with Top Rank. Therefore, the federal-state interests discussed in *Roach* and concern for uneconomical and vexatious litigation from *Brillhart* are not relevant in this case. Accordingly, this Court will exercise its discretion by allowing Northland's claim to proceed in this separate action for declaratory judgment. *See Landmark Am. Ins. Co. v. Reli Title, Inc.*, No. 2:08–cv–875–FtM–29DNF, 2009 WL 3202466, at *2 (M.D.Fla. Oct. 2, 2009) (allowing declaratory judgment action to proceed in federal court because the federal plaintiff, an insurer, was not a party to the underlying state-court action and determination of insurer's obligations to the insured was not an issue in the underlying state-court action); *Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F.Supp.2d 1345, 1348 (S.D.Fla.2008) (allowing declaratory judgment action to proceed in federal court where there was "no parallel litigation in state court addressing the same issues between the same parties that would resolve the insurance coverage dispute at issue"); *Coregis Ins. Co. v. McCollum*, 955 F.Supp. 120, 122 (M.D.Fla.1997) (allowing declaratory judgment action to proceed in federal court where the insurer was not a party to the underlying state-court action and determination of insurer's obligations to in-

sured was not an issue in the underlying state-court action).

## III. CONCLUSION

For the foregoing reasons, Weng and Medina's Motion to Dismiss Plaintiff Northland Insurance Company's Complaint for Declaratory Judgment (Doc. No. 10) is **DENIED**.

**2.** Northland asserts that, pursuant to section 627.4136, Florida Statutes, it cannot be joined in the state-court case. (Doc. No. 12 at 3 n. 2.)