PER CURIAM: *
Thomas Catón, Jerry Sanchez, and James Wallace (collectively, the “Individual Plaintiffs”) appeal the district court’s order affirming the bankruptcy court’s decision to grant in part and deny in part their motion for summary judgment, and its decision to grant in part and deny in part Linda Payne’s motion to dismiss. We AFFIRM.
I. Background
In 1994, Boyd Veigel, P.C. (“Boyd Veig-el”) was hired to represent approximately 1600 firefighters and police officers (the “State Plaintiffs”), including the Individual Plaintiffs, in Texas state court in a series of class action lawsuits against the City of Dallas involving allegations of breach of contract (the “Class Action Lawsuits”). The State Plaintiffs retained Boyd Veigel on a contingent fee basis. After several years of litigation, Boyd Veigel entered into a fee-sharing arrangement with Hance Scarborough, LLP (“Hance Scarborough”) and E. Lee Parsley (“Parsley”), under which Hance Scarborough and Parsley agreed to serve as co-counsel with Boyd Veigel during the pendency of an interlocutory appeal of the Class Action Lawsuits to the Texas Supreme Court in exchange for a percentage of Boyd Veigel’s contingent fee.
In 2009, Bill Boyd (“Boyd”), the sole shareholder of Boyd Veigel and lead counsel in the Class Action Lawsuits, died. Shortly thereafter, the employment of Boyd Veigel’s remaining employees, including its attorneys, was terminated. Hance Scarborough and Parsley continued to represent the State Plaintiffs on their interlocutory appeal to the Texas Supreme Court, and, during the pendency of the appeal, entered into new contingent fee agreements with the State Plaintiffs.
At the end of 2009, Boyd Veigel filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United Bankruptcy Court for the Eastern District of Texas, Sherman. Linda Payne was appointed trustee (the “Trustee”) of the bankruptcy estate. Thereafter, the bankruptcy court issued an order (the “Authorization Order”) authorizing the Trustee to employ Susman Godfrey LLP (“Susman Godfrey”) as special counsel. The Trustee, through Susman God-frey, asserted in filings with the Texas Supreme Court that Boyd Veigel remained counsel of record to the State Plaintiffs.
*395 In 2011, the Texas Supreme Court issued an opinion and judgment in which it remanded the Class Action Lawsuits to the trial court for further proceedings. After the Trustee, through Susman Godfrey, asserted in filings with the trial court that Boyd Veigel remained counsel of record to the State Plaintiffs, the State Plaintiffs moved to show authority pursuant to Texas Rule of Civil Procedure 12. After reviewing the Authorization Order, the trial court concluded that Susman Godfrey did not represent the State Plaintiffs, but instructed them to seek clarification from the bankruptcy court, if Susman Godfrey disagreed.
Thereafter, the Individual Plaintiffs filed this adversary action (the “Adversary Action”) in the bankruptcy court, seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. The Individual Plaintiffs requested that the bankruptcy court declare, among other things, that neither the Trustee nor Susman Godfrey represent the State Plaintiffs in the Class Action Lawsuits. The Individual Plaintiffs also requested that the bankruptcy court declare that “[a]s a matter of state and federal law, Boyd Veigel is not entitled to receive any fee under its rejected and abandoned fee contracts with the [State Plaintiffs].”
After the Individual Plaintiffs moved for summary judgment, the Trustee moved to dismiss, arguing that the Adversary Action was not ripe. The bankruptcy court granted in part and denied in part the motion for summary judgment, concluding that:
[N]either the Trustee nor the Estate represents the [State Plaintiffs] in the [Class Action Lawsuits], ... and therefore the Trustee has no reason to participate in the [Class Action Lawsuits]. However, nothing herein is intended to affect or limit the Trustee’s right to any recovery achieved by the [Individual Plaintiffs] in the [Class Action Lawsuits].
The bankruptcy court also granted in part and denied in part the motion to dismiss, concluding:
[T]he [Adversary Action] is ripe in regard to the question of whether the Trustee is or can represent the [Individual Plaintiffs] in the [Class Action Lawsuits] .... The Court finds that the remaining issues raised or which could be raised in the [Adversary Action] are not ripe for determination. The [Adversary Action] may be re-filed if and when a recovery is achieved in the [Class Action Lawsuits], at which time such issues will be ripe for determination.
The Individual Plaintiffs appealed to the United States District Court for the Eastern District of Texas, Sherman Division, which affirmed. The Individual Plaintiffs timely appealed.
II. Standard of Review
This court “reviews the decision of a district court, sitting as an appellate court in bankruptcy, by applying the same standards of review to the bankruptcy court’s findings of fact and conclusions of law.” In re Tex. Pig Stands, Inc., 610 F.3d 937, 941 (5th Cir.2010) (citation omitted). As a general matter, “a bankruptcy court’s findings of fact are reviewed for clear error and conclusions of law are reviewed de novo.” Id. (citation omitted). The “jurisdictional issue of ripeness is a legal question for which review is de novo.” Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir.2012).
III. Discussion
The Individual Plaintiffs assert that the district court erred in affirming the bank *396 ruptcy court’s orders.[1] Specifically, they contend that the bankruptcy court incorrectly concluded that the issue of whether the Trustee is entitled to recover a fee on behalf of Boyd Veigel in the Class Action Lawsuits was not ripe, and erred in failing to enter summary judgment in favor of the Individual Plaintiffs on that issue.
The Declaratory Judgment Act provides:
In a ease of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
28 U.S.C. § 2201(a). Under the Declaratory Judgment Act, “[djeclaratory judgments are typically sought before a completed ‘injury-in-fact’ has occurred, but still must be limited to the resolution of an ‘actual controversy.’ ” United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir.2000) (citation omitted). This is in accordance not only with the statutory language of the Declaratory Judgment Act, but also with Article III of the United States Constitution, which confines the federal courts to adjudicate actual “cases” and “controversies.” U.S. Const, art. Ill, § 2. Thus, courts will not grant declaratory judgments unless the suit is ripe for review. See Foster, 205 F.3d at 857. Ripeness “separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review.” Id.; see also United Pub. Workers v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947) (“[Fjederal courts ... do not render advisory opinions. For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions are requisite. This is as true of declaratory judgment as any other field.”) (quotation marks omitted).
In the declaratory judgment context, “the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.” Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941) (citation omitted). A court should dismiss the case for lack of ripeness when “the case is abstract or hypothetical.” New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 833 F.2d 583, 586 (5th Cir.1987) (citation omitted). The key considerations are “the fit *397 ness of the issues for judicial decision and the hardship to the parties of withholding court consideration.” Id. (quotation marks omitted). “A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.” Id. at 587 (citation omitted); see also Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 287 (5th Cir.2012). Whether particular facts are sufficiently immediate to establish an actual controversy must be evaluated on a “case-by-case basis.” Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir.2000) (citation omitted).
The district court did not err in concluding that the issue of whether the Trustee is entitled to recover a fee on behalf of Boyd Veigel in the Class Action Lawsuits is not ripe. It is undisputed that the Class Action Lawsuits remain pending, that no recovery has been made, and that there may never be a recovery, which would preclude any contingent fee award as to which Boyd Veigel (through the Trustee) may or may not be entitled to a share.[2] Moreover, the Trustee has not yet demanded a fee, or threatened legal action to recover a fee. Thus, several factual issues remain unresolved, and require further development. See New Orleans Pub. Serv., 833 F.2d at 587 (“[A] case is not ripe if further factual development is required”) (citation omitted). A declaratory judgment cannot be based on a possible future factual situation that may never develop. See id. at 587-88; see also Orix Credit Alliance, 212 F.3d at 896; Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir.1967) (“A controversy, to be justi-ciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop”). As a result, the district court properly concluded that this issue is not yet ripe.[3]
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir R. 47.5.4.

. On appeal, the Trustee asserts that this court lacks jurisdiction to consider this appeal because the denial of a motion for summary judgment does not constitute a final, appeal-able order. This court has jurisdiction to hear "appeals from all final decisions, judgments, orders, and decrees” in bankruptcy matters entered pursuant to 28 U.S.C. § 158(a). 28 U.S.C. § 158(d)(1). This court’s approach to determining whether an order is appealable in a bankruptcy case is "flexible,” and we view "finality in bankruptcy proceedings ... in a practical, less technical light.” In re ASARCO, L.L.C., 650 F.3d 593, 599 (5th Cir.2011) (citation omitted). We have long "rejected adoption of a rigid rule that a bankruptcy case can only be appealed as a single judicial unit at the end of the entire bankruptcy proceeding.” Id. at 600 (quotation marks omitted). Instead, ”[a]n appealed bankruptcy order will be considered final if it constitutes either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case.” Id. (alteration in original). The bankruptcy court's order constitutes a final determination of the rights of the parties to secure the relief they seek, and this court has jurisdiction to consider this appeal.

. Indeed, the Individual Plaintiffs acknowledge in their appellate brief that the Class Action Lawsuits "will not be resolved for several more year[s],” that the State Plaintiffs "have not yet obtained a recovery, ” and that "a fee is not yet owed.”

. Each of the cases cited by the Individual Plaintiffs for the proposition that this issue is ripe is distinguishable. In Sydow v. Acheson & Co., 81 F.Supp.2d 758 (S.D.Tex.2000), the district court concluded that a contingency fee claim was ripe for adjudication where a class action lawsuit had been settled and a $6,000,000 contingency fee was "likely to be awarded,” but the parties disputed whether the defendants were obligated to split any portion of those fees with the plaintiffs. Id. at 762-63. Similarly, Person v. Lemelson, No. 90 Civ. 1242, 1990 WL 144208 (S.D.N.Y.1990) involved an attorney fee dispute that arose after a jury trial had already resulted in an award of $71,000,000. See id. at *1. Here, this action has not been resolved, no recovery has been made, and no contingency fee is yet likely to be awarded. Moreover, as the Individual Plaintiffs acknowledge, it is likely to remain pending for several more years. In Certain Underwriters at Lloyd's London v. A & D Interests, Inc., 197 F.Supp.2d 741 (S.D.Tex.2002), the district court concluded that a dispute between an insurer and an insured over misrepresentations made by the insured in procuring insurance coverage was ripe for adjudication. Id. at 749-50. However, in that case, the insurer had already incurred costs in defending the insured in a related action under the terms of the insurance policy, at the time that case was brought. Id. Hardware Mutual Casualty Co. v. Schantz, 178 F.2d 779 (5th Cir.1949) involved a similar insurance coverage dispute, in which the insured demanded that the insurer defend it in a related action under the terms of the insur- *398 anee policy, and the insurer refused. Id. at 780. Here, the Individual Plaintiffs have incurred no costs, nor has the Trustee made any demand that would impose costs on the Individual Plaintiffs.